STEPHEN M. RINKA, SBN 219626
Email: srinka@rinkalaw.com
**THE RINKA LAW FIRM, PC**
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: (310) 556-9653
Facsimile: (310) 579-8768

Attorneys for Plaintiff
MICHAEL WEINER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WEINER,<br><br>                    Plaintiff,<br><br>         vs.<br><br>EXTRA SPACE STORAGE, INC., a Maryland Corporation; and DOES 1 TO 10, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Disability Discrimination [Government Code §12900 *et seq.*]<br>2. Wrongful Termination In Violation of Public Policy[Government Code §12940(a)]<br>3. Failure to Engage in the Interactive Process<br>4. Retaliatory Termination<br>5. Failure to Prevent Discrimination |

Plaintiff, Michael Weiner ("Weiner" or "Plaintiff") complains of Defendants Extra Space Storage, Inc. ("Extra Space") and DOES 1 – 10 (collectively referred to as Defendants) and alleges as follows:

### JURISDICTION AND VENUE

1.     Plaintiff Michael Weiner is an individual residing in the County of Los Angeles, State of California.

2.     Defendant Extra Space Storage, Inc, is a Maryland Corporation, with its principal place of business at 2795 East Cottonwood Parkway, #400, Salt Lake City, Utah, 84121 and is doing business in Los Angeles County.

3.      The true names and capacities of the Defendants, DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained.  Plaintiff is informed and believes, and thereon alleges that each of the DOE Defendants are, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

4.      Plaintiff is informed and believes, and thereon alleges, that at all material times each Doe Defendant's actions and conduct were known to, authorized, and ratified by Extra Space and/or its agents.  Plaintiff is informed and believes, and thereon alleges, that all conduct by the individual Defendants that was outside of the scope of their authority was known to, authorized, and ratified by the co-defendants and/or Extra Space and/or its agents.

5.      Plaintiff is informed and thereon alleges that the Defendants knowingly and willfully conspired and agreed among themselves to do the acts herein alleged.  Defendants did those acts in furtherance of their conspiracy. Defendants furthered their conspiracy by cooperation, lending aid, encouragement, ratification, and adopting the acts of each other.

6.      At all times relevant herein, Defendant Does 1 through 10 were acting in the course and scope of their employment as an agent, manager, director, and/or employee of Defendant Extra Space.

7.      Plaintiff is informed and believes that at all times relevant to this complaint Defendants and each of them acted within the scope of their legal employment and authorized agent for Extra Space.  Therefore any liability under this complaint that is found against or which applies to any individual or all individual Defendants also applies to Extra Space under the legal doctrine of

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

1    respondent superior.  The acts or omissions of each individual Defendant are the
2    acts and omissions of Extra Space.

3        8.      The Court has diversity jurisdiction over this matter pursuant to 28
4    U.S.C. § 1332.  Namely, Plaintiff is a resident of California and Defendant's
5    principle place of business is Utah.  Furthermore, the amount in controversy
6    exceeds the minimum jurisdictional limit of $75,000.00.

7        9.      This Court has personal jurisdiction over the Defendants because they
8    reside in, have their principal place of business in, have extensive contacts with
9    and conduct business within, the State of California and this judicial district.  The
10   causes of action asserted in this Complaint arise out of Defendants' contacts with
11   this judicial district; and because Defendants have caused tortious injury to
12   Plaintiff in this judicial district.

13       10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)
14   and (c) because Defendants reside in, have extensive contacts with, and conduct
15   business within, the State of California and this judicial district; the causes of
16   action asserted in this Complaint arise out of Defendants' contacts with this
17   judicial district; and because Defendants have caused tortious injury to Plaintiff in
18   this judicial district.

19                      **ALLEGATIONS COMMON TO ALL PARTIES**

20       11.     Plaintiff began working for Defendant Extra Space in April 2018 as
21   an assistant manager.  Defendant Extra Space is a large, publicly traded company
22   that offers self-storage services in numerous states throughout the country.
23   Plaintiff's duties for Defendant employer included showing and renting storage
24   spaces, cleaning the office and parking lot as well as moving packages, as needed.

25       12.     On or about January 21, 2019, Plaintiff suffered a workplace injury
26   when he was walking backwards and tripped over a concrete parking block.  As a
27   result of Plaintiff's injuries, he was subjected to workplace restrictions.  Namely,
28   Plaintiff was restricted from lifting weight over a certain amount, he was to limit

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

1  the amount of walking and time on his feet and he was told not to bend, squat or
2  kneel.

3      13.    Plaintiff presented Defendants with a doctor's note containing these
4  restrictions.  Despite these restrictions, Plaintiff continued working in his position
5  as an assistant manager for Defendants without any complaints from Defendants
6  about Plaintiff's inability to perform his job duties.  The reason Defendants did not
7  complain or have reason to complain about Plaintiff's work restrictions was due to
8  the fact that Plaintiff was still able to perform his essential job duties.  Namely,
9  Plaintiff was still able to show storage units and clean as needed. When a package
10  would arrive that weighed above Plaintiff's weight restriction, Plaintiff would ask
11  for assistance from a co-worker who would place the package in the proper
12  location.

13      14.    Plaintiff worked for eight (8) months with his work restrictions, then,
14  suddenly, without warning or discussion, on or about August 8, 2019, Plaintiff was
15  told that he had to leave the premises and go out on disability until he was given a
16  release by his doctor.

17      15.    Plaintiff was provided a doctor's release with modifications, allowing
18  Plaintiff to return to work on or about December 16, 2019.  The modifications
19  listed in the doctor's note included, no standing for extended periods of time, no
20  lifting objects over a certain weight and no squatting or bending.  These
21  modifications were to be in place for 45 days, at which point Plaintiff would be re-
22  evaluated and the restrictions removed.

23      16.    Prior to Plaintiff returning to work on December 16, 2019, Plaintiff
24  provided Defendants with his doctor's note releasing him back to work.

25      17.    Upon Defendants receiving Plaintiff's doctor's note, Defendants
26  scheduled a conference call with Plaintiff on December 16, 2019.

27      18.    On December 16, 2019, Plaintiff had a conference call with
28  Defendants and they advised him that he was terminated because his requested

accommodation necessitated from his workplace injury prevented him from performing his job duties. However, this was completely false because Plaintiff worked for 8 months with more severe work restrictions and Defendants never complained that Plaintiff could not perform his job duties.

19. The simple fact is that Defendants took the adverse employment action of terminating Plaintiff due to his disability because of Defendants' unwillingness to temporarily accommodate Plaintiff's disability. Furthermore, Defendants never engaged in the interactive process in an attempt to accommodate Plaintiff's disability. Instead, Defendants callously threw Plaintiff to the side, simply because he suffered an injury while working for Defendants. Defendants did not want to make any effort to accommodate Plaintiff, but rather throw him on the trash heap by terminating him due to his disability.

20. Plaintiff filed a claim with the Department of Fair Employment and Housing against Defendants and obtained a right to sue letter.

## **FIRST CAUSE OF ACTION**

### DISABILITY DISCRIMINATION

(As to All Defendants and DOES 1 – 10)

21. Plaintiff refers to and incorporates paragraphs 1 through 20 as though fully set forth herein.

22. The laws of the State of California, as declared by its constitution and statutory schemes, prohibit, among other things, harassment because of disability.

23. As set forth above, Defendant treated Plaintiff differently than similarly situated employees who did not have physical restrictions due to a workplace injury. Namely, Plaintiff was terminated because of his disability resulting from his workplace injury where as other employees who were not disabled due to a workplace injury were not terminated.

24. As set forth above, Plaintiff suffered from discrimination in violation of the Fair Employment and Housing Act ("FEHA") due to his disability.

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

25.     As a proximate result of Defendants' discrimination against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotion and physical distress, and has been injured in body and mind.

26.     Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety Plaintiff, and after becoming aware of their wrongful conduct, each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, aided, abetted, authorized and ratified the wrongful conduct herein alleged.  Therefore, Plaintiff seeks exemplary and punitive damages against Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

WRONGUL TERMINATION IN AGAINST PUBLIC POLICY

(Termination Based on Disability)

(As to All Defendants and DOES 1 – 10)

27.     Plaintiff refers to and incorporates paragraphs 1 through 26 as though fully set forth herein.

28.     The laws of the State of California, as declared by its constitution and statutory schemes, prohibit, among other things, employment discrimination because an employee is disabled.

29.     As set forth herein, Plaintiff suffered a disability as a result of a workplace injury.  Due to Plaintiff's workplace injury his job duties were limited until he was to be re-evaluated by a doctor.  However, Defendants told Plaintiff that he was terminated due to his disability.

30.     As set forth above, Defendants treated Plaintiff differently than

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

COMPLAINT
CASE NO.:

- 6 -

1 similarly situated employees who did not have a disability, namely Defendants
2 terminated Plaintiff due to his disability whereas employees without a disability
3 were not terminated.

4       31.    As a proximate result of Defendants' illegal termination of Plaintiff,
5 as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of
6 wages, salary, benefits and additional amounts of money Plaintiff would have
7 received if Plaintiff had not been terminated due to his disability.  Also, a further
8 proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff
9 has been harmed in that Plaintiff has suffered humiliation, mental anguish, and
10 emotion and physical distress, and has been injured in body and mind.

11      32.    Plaintiff is further informed and believes that each business or
12 corporate employer, through its officers, directors and managing agents, and each
13 individual Defendant, had advance knowledge of the wrongful conduct set forth
14 above and allowed said wrongful conduct to occur and continue to occur, thereby
15 ratifying said wrongful conduct, with a conscious disregard of the rights and safety
16 of Plaintiff, and after becoming aware of their wrongful conduct, each business or
17 corporate employer, through its officers, directors and managing agents, and each
18 individual Defendant aided, abetted, authorized and ratified the wrongful conduct
19 herein alleged.  Therefore, Plaintiff seeks exemplary and punitive damages against
20 Defendants in an amount according to proof.

21                        **THIRD CAUSE OF ACTION**
22              FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
23                   (As to All Defendants and DOES 21 – 30)

24      33.    Plaintiff refers to and incorporates paragraphs 1 through 32 as though
25 fully set forth herein.

26      34.    As alleged herein and in violation of California Government Code §
27 12940(m), defendants, and each of them, violated the California Fair Employment
28 Housing Act by, among other things, failing to provide reasonable

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

accommodations for Plaintiff due to his disability.

35.   At all times mentioned herein, Plaintiff was willing to perform the essential duties and functions of his position if a reasonable accommodation had been made by Defendants.  Moreover, Plaintiff had previously provided accommodations for Plaintiff for the first 8 months following Plaintiff's injury. During these eight (8) months, Defendants never advised Plaintiff that he was not able to perform the essential job functions of his job and that he would be terminated.  Instead, Plaintiff was able to perform the essential job duties of his position with the accommodations initially provided by Defendants.

36.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

37.   As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

38.   Plaintiff is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

39.   As a result of defendants' acts and conduct, as alleged herein, Plaintiff

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

1   is entitled to reasonable attorneys' fees and costs of suit as provided in Section

2   12965(b) of the California Government Code.

### **FOURTH CAUSE OF ACTION**

RETALITORY TERMINATION

(As to All Defendants and DOES 1 – 10)

6   40.   Plaintiff refers to and incorporates paragraphs 1 through 39 as though

7   fully set forth herein.

8   40.   At all times material to this Complaint, California Government Code

9   Section 12940(m) was in effect and binding on Defendants.  This section requires

10  Defendants to refrain from retaliating against an employee for requesting an

11  accommodation due to his or her disability, regardless of whether the request was

12  granted.

13  41.   Plaintiff, who suffered a workplace injury requested certain

14  accommodations set forth in his doctors note when he was scheduled to return on

15  December 16, 2019.  These accommodations were not onerous as Defendant had

16  previously provided Plaintiff with similar workplace accommodations without

17  complaint.  Nevertheless, upon Plaintiff submitting the doctor's note requesting

18  work accommodations, Plaintiff was terminated.

19  42.   Defendants retaliated against Plaintiff for requesting the

20  accommodation to return to work on September 20, 2019 due to her association

21  with her disabled son by terminating her on July 1, 2019, in violation of

22  Government Code Section 12940(m).

23  43.   As a direct and proximate result of such retaliation, Plaintiff has been

24  damaged in a sum according to proof.

25  / /

26  / /

27  / /

28  / /

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

COMPLAINT
CASE NO.:

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

## FIFTH CAUSE OF ACTION

FAILURE TO TAKE REASONABLE AND NECESSARY STEPS TO

PREVENT DISCRIMINATION

(As to All Defendants and DOES 1 – 10)

44.    Plaintiff refers to and incorporates paragraphs 1 through 43 as though fully set forth herein.

45.    At all times material, Defendants had a statutory duty to their employees, including Plaintiff, to take all reasonable and necessary steps to prevent discrimination, under Government Code section 12940(k).  Moreover, it was reasonably foreseeable that the breach of such duty would cause Plaintiff to sustain injuries and damages if Plaintiff were subjected to the wrongful conduct of the Defendants which is described herein above.

46.    Pursuant to *Trujillo v. North County Transit District*, 63 Cal.App.4th 280 (1998), Plaintiff has a right to bring a tort cause of action for such breach of duty.

47.    In spite of Defendants' duty to take all reasonable steps to prevent discrimination from occurring, including a duty to train employees in the avoidance of discrimination, Defendants intentionally or carelessly breached such duty causing Plaintiff damages, according to proof.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages in an amount to be established according to proof at trial;

2.    For punitive damages and exemplary damages as are determined just according to proof, all in a sum to be determined at trial;

3.    For interest in the amount of the maximum amount permitted by law;

4.    For special damages;

5.    For costs of suit incurred herein;

6.    For attorney fees and costs; and

7.    For all such other relief as the Court shall deem just and appropriate.

Dated: February 12, 2020

THE RINKA LAW FIRM

By: _____
STEPHEN M. RINKA
Attorneys for Plaintiff
MICHAEL WEINER

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL WEINER, hereby demands a trial by jury of all her claims.

Dated: February 12, 2020

THE RINKA LAW FIRM

By: _____
STEPHEN M. RINKA
Attorneys for Plaintiff
MICHAEL WEINER

The Rinka Law Firm, PC
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

COMPLAINT
CASE NO.:

- 11 -